IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| VININGS INSURANCE COMPANY n/k/a NATIONAL BUILDERS INSURANCE COMPANY, | § § § § | |
| *Plaintiff* | § § | |
| v. | § § | CIVIL ACTION NO. 1:14-cv-00525 |
| BYRDSON SERVICES, LLC and MARLON DECUIR, | § § § § | |
| *Defendants* | § | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT
AND REQUEST FOR DECLARATORY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Plaintiff Vinings Insurance Company, now known as National Builders Insurance Company, and, pursuant to this Court's Scheduling Order [Doc. 20], asserts its Second Amended Complaint and Request for Declaratory Judgment against Defendant Byrdson Services, LLC and new Defendant Marlon Decuir. In support thereof, Vinings Insurance will show this Court the following:

**I.    PARTIES**

1.1    Plaintiff Vinings Insurance Company, now known as National Builders Insurance Company, is a corporation organized under the laws of the State of Delaware and a Georgia citizen. Plaintiff's principal place of business is in Atlanta, Georgia. Plaintiff is licensed by the Insurance Department of the State of Texas to conduct business within the State of Texas.

1.2 Defendant Byrdson Services, LLC ("Byrdson"), a limited liability company organized under the laws of the State of Texas, is a Texas citizen. Defendant appeared and answered through counsel.

1.3 Defendant Marlon Decuir ("Decuir") is an individual citizen of the State of Texas. Defendant may be served with process by serving him at his residence: 240 Mansfield Ferry Road, Vidor, Orange County, Texas 77662.

## II.     JURISDICTION AND VENUE

2.1 The Court has original jurisdiction over the lawsuit under 28 U.S.C. § 1332 (a). Complete diversity of citizenship exists between Plaintiff and Defendants. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

2.2 Venue is proper in this Court under 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to the construction and application of the applicable policy(ies) of insurance occurred in Jefferson County and Orange County, Texas.

## III. FACTS

### A. *Byrdson* Lawsuit, including Byrdson Petition and Decuir Counterclaim

3.1 Byrdson is plaintiff in a pending Texas district court lawsuit, cause no. B-194446, *Byrdson Services, LLC. d.b.a Excello Construction, LLC v. South East Texas Regional Planning Commission, et al*, in the 60th Judicial District Court of Jefferson County, Texas ("*Byrdson* Lawsuit"). In its live pleading in the *Byrdson* Lawsuit, Byrdson alleged:[1]

---

[1] A certified copy of "PLAINTIFF BYRDSON SERVICES, L.L.C., D.B.A. EXCELLO CONSTRUCTION, LLC'S SIXTH AMENDED PETITION", filed August 19, 2014 in the *Byrdson* Lawsuit is attached hereto and incorporated herein as Exhibit A ("Byrdson Petition"). By referencing Byrdson's allegations, Plaintiff neither adopts nor admits such allegations.

    a. Byrdson contracted with South East Texas Regional Planning Commission ("SETRPC") to build and repair homes as part of the State of Texas' recovery program after Hurricane Ike.[2] [Ex. A, p. 5]

    b. Byrdson contracted with Marlon Decuir to rebuild his home at 240 Mansfield Ferry Rd., Vidor, Texas ("Decuir's home"). [Ex. A, p. 6]

    c. A cold joint in the concrete developed during the foundation pour for Decuir's home. [Ex. A, p. 6]

    d. SETPRC revoked its contracts with Byrdson, terminated Byrdson from the recovery program and did not fully pay Byrdson for its work on several homes, including Decuir's home.[Ex. A, p. 6]

    e. Byrdson incurred damages as a result of SETRPC's breach of contracts. [Ex. A, p. 8]

    f. Byrdson seeks $1,000,000.00 in compensation for its damages. [Ex. A, p. 15]

    g. Byrdson presented its claim to its insurance company and it wrongfully denied the claim. [Ex. A, p. 7]

    h. Byrdson holds a lien on Decuir's home under the Texas Constitution because Byrdson constructed, made improvements to, and/or repaired said real property and Byrdson never received payments for such work performed. Byrdson has a right to foreclose its lien. [Ex. A, p. 18]

3.2    Marlon Decuir's live pleadings in the *Byrdson* Lawsuit include his Counterclaim against

Byrdson that alleges:

    a. On June 30, 2011, Decuir contracted with Byrdson for reconstruction of Decuir's home.[3] [Ex. B, p. 3]

    b. Byrdson poured the slab for reconstruction until September 15, 2011. [Ex. B, p. 3]

    c. On October 27, 2011, Byrdson advised Decuir that cold spots or joints had

---

[2] Plaintiff requests the court's judicial notice that Hurricane Ike struck the upper Texas Gulf coast on the morning of Sept. 13, 2008.

[3] A certified copy of "DEFENDANT, MARLON DECUIR'S ORIGINAL COUNTERCLAIM", filed October 22, 2013 in the *Byrdson* Lawsuit is attached hereto and incorporated herein as Exhibit B ("Decuir Counterclaim"). By referencing Decuir's allegations, Plaintiff neither adopts nor admits such allegations.

  developed in laying the slab, but were corrected according to a letter from Sigma Engineering. [Ex. B, p. 3]

d. Decuir learned that it was necessary to tear down Byrdson's construction due to non-compliance. [Ex. B, p. 3]

e. Byrdson did not order sufficient concrete to pour the slab from the onset, thereby causing the cold joints or spots. [Ex. B, p. 3]

f. Byrdson caused damages to Decuir, including but not limited to loss of use and enjoyment of Decuir's home, lost wages and mental anguish, in an amount not less than $100,000.00. [Ex. B, p. 3, 4]

### B. Byrdson's Insurance Policies with Plaintiff

3.3  In 2011, Byrdson first obtained a commercial general liability insurance policy from Plaintiff, one of a group of insurers held by Builders Insurance Group, Inc.[4]

3.4  Plaintiff issued the following General Liability policies to Byrdson (collectively "Byrdson Policies"):

  a. Policy no. GLP 0107639 00, beginning July 5, 2011 through July 5, 2012; and

  b. Policy no. PKG 0107639 02, beginning July 5, 2012 through May 3, 2013.

3.5  The Byrdson Policies contain the following relevant terms, conditions, provisions, exclusions and endorsements:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we" and "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section V – Definitions.

---

[4] Byrdson mistakenly sued "Builders Insurance Group" in the *Byrdson* Lawsuit. "Builders Insurance Group" is neither an insurer nor a legal entity. Builders Insurance Group, Inc. is a holding company for multiple insurers, including Vinings Insurance Company, now known as National Builders Insurance Company. Builders Insurance Group, Inc. does not itself engage in the business of insurance.

**SECTION I - COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
1. **Insuring Agreement**
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result…. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
      (2) The "bodily injury" or "property damage" occurs during the policy period; and
      (3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

   …

   d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

      (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;
      (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or
      (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

   …

2. **Exclusions**
   This insurance does not apply to:

   1. **Expected Or Intended Injury**
      "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

   b. **Contractual Liability**
      "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

      (1) That the insured would have in the absence of the contract or agreement; or

    **(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

        **(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and
        **(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

…

**j. Damage To Property**
"Property damage" to:
…
(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.
…

**l. Faulty, Defective or Poor Workmanship in Your Work[5]**
This insurance does not apply to any claim or "suit" for the cost of repair, replacement, adjustment, removal, loss of use, inspection, disposal, or otherwise making good nay faulty, defective or poor workmanship in "your work" for which any insured or any insured's employees, contractors, or subcontractors may be liable.

This exclusion does not include "property damage" sustained by any other property that is caused by the faulty, defective or poor workmanship in "your work".

This exclusion applies only to residential structures for which coverage is not otherwise excluded under this insurance.

**m. Damage to Impaired Property or Property Not Physically Injured**
"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

    **(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
    **(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.
…

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

---

[5] This exclusion's language comes from the GL RFWE 02 08 endorsement to the Byrdson Policies that expressly replaces the "Damage To Your Work" exclusion within the COMMERCIAL GENERAL LIABILITY COVERAGE FORM. *See* p. 8-9, infra.

…

2. **Duties In The Event Of Occurrence, Offense, Claim Or Suit**
   a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To extend possible, notice should include:

      (1) How, when and where the "occurrence" or offense took place;
      (2) The names and addresses of any injured persons and witnesses; and
      (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

   b. If a claim is made or "suit" is brought against any insured, you must:

      (1) Immediately record the specifics of the claim or "suit" and the date received; and
      (2) Notify us as soon as practicable.

      You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

…

3. **Legal Action Against Us**
   No person or organization has a right under this Coverage Part:
   a. To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or
   b. To sue us on this Coverage Part unless all of its terms have been fully complied with.

…

## SECTION V – DEFINITIONS
….
3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

4. "Coverage territory" means:
   a. The United States of America (including its territories and possessions), Puerto Rico and Canada;

…

8. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

   a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or
   b. You have failed to fulfill the terms of a contract or agreement;

   if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

…

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

…

16. "Products-completed operations hazard":
    a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

        **(1)** Products that are still in your physical possession; or
        **(2)** Work that has not yet been completed or abandoned. However "your work" will be deemed completed at the earliest of the following times:
            **(a)** When all the work called for in your contract has been completed.
            **(b)** When all the work to be done at the job site had been completed if your contract calls for work at more than one job site.
            **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.
        Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

    **b.** Does not include "bodily injury" or "property damage" arising out of:
        **(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;
        **(2)** The existence of tools, uninstalled equipment or abandoned or unused materials; or
        **(3)** Products or operations for which the classification, listed in the Declarations or in a policy schedule, state that products-completed operations are subject to the General Aggregate Limit.

**17.** "Property damage" means:
    **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
    **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.
    For the purposes of this insurance, electronic data is not tangible property….

**18.** "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:
    **a.** An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or
    **b.** Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

…

**22.** "Your work":
    **a.** Means:
        **(1)** Work or operations performed by you or on your behalf; and
        **(2)** Materials, parts or equipment furnished in connection with such work or operations.
    **b.** Includes
        **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and
        **(2)** The providing of or failure to provide warnings or instructions.

…

**RESIDENTIAL FAULTY, DEFECTIVE OR POOR WORKMANSHIP EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

In regard only to "your work" in connection with residential structures, **Exclusion l. Damage to Your Work** Of **Section I – Coverages, Coverage A. Bodily Injury and Property Damage Liability, 2. Exclusions** is deleted and replaced with:

l. **Faulty, Defective or Poor Workmanship in Your Work**

This insurance does not apply to any "claim" or "suit" for the cost of repair, replacement, adjustment, removal, loss of use, inspection, disposal, or otherwise making good any faulty, defective or poor workmanship in "your work" for which any insured or any insured's employees, contractors, or subcontractors may be liable.

This exclusion does not include "property damage" sustained by any other property that is caused by the faulty, defective or poor workmanship in "your work".

This exclusion applies only to residential structures for which coverage is not otherwise excluded under this insurance.

## IV. REQUEST FOR DECLARATORY JUDGMENT

4.1   As a result of the *Byrdson* Lawsuit, Plaintiff learned of the Byrdson Petition containing allegations that an event covered under Byrdson's insurance policy occurred at 240 Mansfield Ferry Road and that such policy obligated Byrdson's insurance company to pay for Byrdson's losses. [Ex. A, p. 7, 20]. As a result of the *Byrdson* Lawsuit, Plaintiff also learned of the Decuir Counterclaim containing allegations of Byrdson's liability for Decuir's damages.

4.2   Plaintiff denies that the Byrdson Policies covers the losses and damages alleged by the Byrdson Petition and by the Decuir Counterclaim. Specifically, Plaintiff asserts that Plaintiff has no duty to defend or indemnify Byrdson or Decuir under the Byrdson Policies for the damages alleged by the Byrdson Petition or by the Decuir Counterclaim.

4.3   A justiciable case or controversy exists between Plaintiff and Byrdson and Decuir. Under 28 U.S.C. §§ 2201-2202, Plaintiff seeks a declaration that it has no duty to defend or indemnify Byrdson or to indemnify Decuir in the *Byrdson* Lawsuit because:

   a. The Byrdson Petition and Decuir Counterclaim do not allege sums that the insured becomes legally obligated to pay as damages because of "bodily injury"

or "property damage" to which this insurance applies."

    b. The Byrdson Petition and Decuir Counterclaim do not allege "bodily injury" or "property damage" caused by an "occurrence."

    c. The Byrdson Petition and Decuir Counterclaim allege losses excluded by the "Expected or Intended Injury" exclusion of the Byrdson Policies.

    d. The Byrdson Petition and Decuir Counterclaim allege "property damage" excluded by the "Contractual Liability" exclusion of the Byrdson Policies.

    e. The Byrdson Petition and Decuir Counterclaim allege "property damage" excluded by the "Damage To Property" exclusion of the Byrdson Policies.

    f. The Byrdson Petition and Decuir Counterclaim allege "property damage" excluded by the "Faulty, Defective or Poor Workmanship in Your Work" endorsement/exclusion of the Byrdson Policies.

    g. The Byrdson Petition and Decuir Counterclaim allege "property damage" excluded by the "Damage To Impaired Property Or Property Not Physically Injured" exclusion of the Vinings Policies.

    h. Plaintiff's obligations under the Byrdson Policies did not arise or are excused by Byrdson's material breaches of the Commercial General Liability Conditions to the prejudice of Plaintiff, including but not limited to Byrdson's duties in the event of occurrence, offense claim or suit, and legal action.

4.4 All conditions precedent necessary for Plaintiff's claims have been performed or have occurred.

4.5 Plaintiff pleads alternative statements of its claims or defenses, regardless of inconsistency, as permitted by FED. R. CIV. P. 8 (d).

# V. PRAYER

5.1   WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant Decuir be cited to appear and answer herein and, on trial of Plaintiff's claims, that this Court award judgment to Plaintiff for the following:

   a. A declaration that Plaintiff has no duty to defend or indemnify Byrdson in the *Byrdson* Lawsuit;

   b. A declaration that Plaintiff has no duty to indemnify Decuir in the *Byrdson* Lawsuit;

   c. Costs of court; and

   d. All further relief, legal and equitable, to which Plaintiff may show itself justly entitled.

Respectfully submitted,

BUSH RUDNICKI SHELTON, P.C.

By: /s/ *Carl J. Wilkerson*
   Carl J. Wilkerson
   State Bar No. 21478400
   cwilkerson@brstexas.com
4025 Woodland Park Blvd., Suite 190
Arlington, Texas 76013
Telephone: (817) 274-5992
Facsimile:   (817) 261-1671

**ATTORNEYS FOR PLAINTIFF
VININGS INSURANCE COMPANY
n/k/a NATIONAL BUILDERS
INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

      I certify that on July 31, 2015, a copy of PLAINTIFF'S SECOND AMENDED COMPLAINT & REQUEST FOR DECLARATORY JUDGMENT was served/electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorney in charge for Defendant Byrdson Services, LLC:

Richard P. Griffin, Jr.
BairHilty, P.C.
14711 Pebble Bend Drive
Houston, Texas 77068
Telephone: (713) 862-5599
Facsimile: (713) 868-9444
Email: RGriffin@bairhilty.com

                                                             /s/ *Carl J. Wilkerson*